IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY DELON THOMPSON                                              PLAINTIFF

       v.        Civil No. 05-5033

RANDALL DENZER, Jail
Administrator; and SHERIFF
TIM HELDER                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Timothy Delon Thompson filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on March 2, 2005. His complaint was filed in forma pauperis (IFP). At the time he filed the complaint, Thompson was incarcerated at the Washington County Detention Center. He was later transferred to the Arkansas Department of Correction (ADC) and a change of address entered.

On August 10, 2005, the defendants filed a motion to dismiss pursuant to Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas (Doc. 20). Defendants stated that materials sent to Thompson at the ADC have been returned to them with the notation: "Paroled--Return to Sender."

The court notes that the website maintained by the ADC, www.state.ar.us/doc, shows that no inmate by plaintiff's name is incarcerated there. The Arkansas JusticeXchange website, www.justiceexchange.com, indicates Thompson was paroled on July 3, 2005.

Local Rule 5.5(c)(2) provides in part as follows:

Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings

and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

Thompson has not communicated with the court since he was paroled from the ADC. No other address for the plaintiff is available.

I therefore recommend defendants' motion to dismiss be granted and Thompson's complaint be dismissed on the grounds he has failed to prosecute this action and obey the rules of the court requiring him to keep the court informed of his address. *See* Fed. R. Civ. P. 41(b). **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of August 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE